**Sulayman BATCHILLY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 05–1936–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

96

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Sue Chen, Assistant United States Attorney, New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Sulayman Batchilly, a native and citizen of Gambia, seeks review of an April 7, 2005 order of the BIA affirming the December 16, 2004 decision of Immigration Judge ("IJ") Joe D. Miller denying petitioner's application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Sulayman Batchilly*, No. A 73 043 290 (B.I.A. Apr. 7, 2005), *aff'g* No. 73 043 290 (Immig. Ct. Napanoch Dec. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). To the extent that the IJ denied Batchilly's claims for a lack of corroboration in spite of the positive credibility finding, this conclusion was erroneous. Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack

of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Because the agency has "no leeway" to deny an otherwise credible asylum application solely for want of corroborative evidence without first carrying out these two steps, the IJ's failure to carry out this analysis flawed his lack of corroboration finding. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). We fail to see the reasonableness of expecting Batchilly to obtain corroboration of his mistreatment in the form of police reports, when police and soldiers themselves mistreated Batchilly. *Cf. Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005). To the extent that the IJ penalized Batchilly for an absence of medical corroboration from Gambia, this was also unreasonable, as Batchilly testified that he never sought medical attention in Gambia.

■ Additionally, the applicant must be given an opportunity not only to "explain" the absence of the requested corroboration, *id.* at 394–95, but also "to submit what may be readily available evidence." *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006) (explaining that these requirements are designed "not only to guard against arbitrary and excessive requests by an IJ, but also, and equally importantly, to guarantee applicants an opportunity to remedy the supposed evidentiary gap" (internal citations omitted)). Therefore, it was error for the IJ to fault Batchilly for the absence of his father's death certificate without first notifying him of the necessity of this document. *See Cao He Lin*, 428 F.3d at 394–95.

■ The IJ's finding that Batchilly failed to establish past persecution was also flawed. Batchilly testified that, immediately after his arrest, he was beaten and interrogated at a Gambian police station, where he was held for a few days. He then was taken to a prison facility where he was detained for a "couple of months," during which he was beaten, stripped naked, doused with cold water, and cut on his leg. Because it appears that the IJ failed to consider the beating and interrogation at the police station or the length of Batchilly's later detention, we remand for reconsideration of whether the cumulative effect of this harm rose to the level of past persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). On remand, the agency is reminded to assess the degree of harm Batchilly suffered in the context in which it occurred, as "mistreatment that, in other contexts, could fairly be characterized as ... harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). If the agency finds on remand that Batchilly suffered past persecution, he would be entitled to rebuttable presumptions that he possessed a well-founded fear of future persecution and that he would more likely than not be persecuted. Accordingly, we remand his claims for both asylum and withholding. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i).

■ Finally, we find that the IJ's conclusion that Batchilly did not suffer past torture was flawed, both because the IJ misstated the facts in his torture analysis and because the IJ did not sufficiently explain why those facts did not constitute torture as defined in 8 C.F.R. § 1208.18(a)(1). Although a showing of past torture does not entitle Batchilly to a presumption that he will more likely than not be tortured, past torture is nonetheless a significant factor in assessing the likelihood of future torture. *See* 8 C.F.R. § 1208.16(c)(3). Therefore, a proper assessment of the likelihood of torture neces-

sitates a proper and reasoned analysis of past harm.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. The government's motion to vacate is DISMISSED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).